```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

REGINALD D. WASHINGTON, JR.,

                Petitioner,

vs.                                    Case No. 2:10-cv-781-FtM-29DNF

Secretary, Dep't for Children &
Families,

                Respondent.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon review of Petitioner Reginald D. Washington, Jr.'s *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition). Petitioner is currently civilly confined at the Florida Civil Commitment Center ("FCCC") pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act, Fla. Stat. §§ 394.910, *et seq.*, after a probable cause determination by the State's Eleventh Judicial Circuit Court. Petitioner filed the instant Petition seeking his immediate release from civil confinement. Petition at 7. The Petition raises two grounds for relief (restated):

  (1)  The State of Florida is collaterally estopped from seeking Petitioner's continued detention for sex offender treatment after the expiration of his term of imprisonment because Petitioner was convicted under Chapter 917 of the Florida Statutes, which gave him a liberty interest in mandated sex offender treatment only while in prison.

  (2)  Florida's Involuntary Civil Commitment of Sexually Violent Predators' Act, Fla. Stat. § 394.901, *et*

> *seq*. (the "SVP Act") violates the ex post facto clause of the United States constitution because the SVP Act was not in effect on the date that Petitioner committed the offense for which he was imprisoned.

On June 2, 2011, Respondent, the Secretary for the Department of Children and Families, filed a response to the Petition, which incorporates a motion to dismiss (Doc. #11, Response). Respondent seeks dismissal of the Petition as time-barred. Response at 1. Alternatively, Respondent seeks dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971). Id. at 5. On June 10, 2011, Petitioner filed a Reply (Doc. #12, Reply) in opposition to the Motion. Petitioner disputes that the one-year limitation period set forth in § 2244(d)(1) applies to his § 2241 Petition, and argues that Florida provides this Court with authority to rule on Petitioner's pretrial detention. See generally Reply. This matter is ripe for review.

**II.**

Upon review of the matter, the Court finds that dismissal of the Petition is warranted because Petitioner's civil commitment proceedings remain pending before the Eleventh Judicial Circuit Court, Miami-Dade County, Florida. Under Younger and its progeny, a federal court is required to abstain from enjoining state judicial proceedings absent extraordinary circumstances. Younger, 401 U.S. at 41; Green v. Jefferson County Com'n, 563 F.3d 1243, 1250 (11th Cir. 2009). Consequently, federal courts ordinarily

must refrain from deciding the merits of a case if: (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S., 423, 432 (1982).

The relevant inquiry in assessing the Middlesex factors is "whether the federal proceeding will interfere with an ongoing state court proceeding. If there is no interference, then abstention is not required." 31 Foster Children, v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003). To determine whether the federal proceeding would interfere with the pending state proceeding, the courts look at the relief requested and whether granting the requested relief would have any effect on the state proceeding. Id.

Here, it is clear that the pending state civil commitment proceedings would be impermissibly disrupted, if not wholly invalidated, if the Court granted Petitioner's relief requested in the instant Petition. This case plainly involves an important state interest, namely, Florida's expressed purpose of ensuring that violent sex offenders do not harm its citizens after they have concluded their prison terms. Further, Petitioner acknowledges that Florida permits him an opportunity to vindicate his constitutional rights by filing a State habeas action during the

civil commitment proceedings. Indeed, the record reflects that Petitioner challenged the validity his probable cause civil detention in a State petition for writ of habeas corpus, which was denied. The fact that Petitioner's claims were not successful on the merits at the State court level is not material. See Pompey v. Broward County, 95 F.3d 1543, 1551 (11th Cir. 1996)(noting that "for abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters . . . [but rather] whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts").

Finally, the Court finds that the record is devoid of any evidence to warrant an exception to the Younger doctrine in the present case. Significantly, Petitioner does not allege, yet alone demonstrate, evidence that the State proceedings are motivated by bad faith, or that irreparable injury would result, or, as noted above, an absence of an adequate state forum. Younger, 401 U.S. at 45, 53-54; Hughes v. Attorney General of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004); News Journal v. Foxman, 939 F.2d 1499, 1507-09 (11th Cir. 1991).

Because the Court finds that each of the Middlesex factors are satisfied in this case and Petitioner has not alleged, yet alone demonstrated, that any exception applies, the Court finds that the Petition must be dismissed. Consequently, the Court need not

determine whether the one-year federal limitation bars the instant Petition.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for the Writ of Habeas Corpus is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: (1) terminate any pending motions; (2) enter judgment accordingly; and (3) close this file

**DONE AND ORDERED** in Fort Myers, Florida, on this __24th__ day of October, 2011.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record